IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-cv-109-W

| | |
|---|---|
| RAYMOND JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HENDRICK AUTOMOTIVE GROUP, ) <br> ) <br> Defendant. ) <br> _____ ) | **DEFENDANT HENDRICK AUTOMOTIVE GROUP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant Hendrick Automotive Group ("HAG") respectfully moves the Court to dismiss the Complaint and all claims made against it by Raymond Johnson ("Johnson" or "Plaintiff"). Johnson failed to provide proper service or service of process in accordance with the Federal Rules of Civil Procedure. Moreover, the claims in Plaintiff's Complaint are either: (i) barred pursuant to execution of a valid release of claims; (ii) not actionable under North Carolina or Federal law; or (iii) time barred. Defendant respectfully requests that the Court dismiss Plaintiff's claims pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

As a preliminary matter, Plaintiff has sued Hendrick Automotive Group but never worked for HAG. Indeed, Plaintiff never named HAG as a respondent in a charge filed with the EEOC. Plaintiff worked for South Boulevard Auto Investors Company Limited Partnership d/b/a Hendrick Honda of Charlotte. Hendrick Honda of Charlotte ("Hendrick Honda" or "Defendant") responds to Plaintiff's Complaint as follows.

Plaintiff worked for Hendrick Honda as a Sales Representative from September 10, 2007

until he voluntarily resigned on February 15, 2008.[1] (Fulp Decl. ¶ 3.)[2]

As set forth below, over the course of the last two years, Johnson has filed multiple charges with the EEOC and North Carolina Department of Labor alleging discrimination and various other claims against Hendrick Honda. Defendant resolved Plaintiff's claims through mediated settlement agreements, yet Plaintiff continues to file claims and make specious allegations against Defendant and its employees.

Johnson filed his <u>first EEOC charge</u> on January 8, 2008 (Case No. 430-2008-01112)[3] – naming Hendrick Honda as respondent – and alleged race and sex discrimination. Johnson also filed a workers' compensation claim with the North Carolina Industrial Commission and a claim under the Retaliatory Employment Discrimination Act ("REDA") with the North Carolina Department of Labor. On February 12, 2008, the parties conducted a mediation at the EEOC Office in Charlotte, and reached an agreement to settle the charge. Plaintiff signed a Mediation Agreement releasing all claims on February 12, 2008.[4] Pursuant to that agreement, on February 15, 2008, Johnson executed a more detailed release titled General Release of All Claims ("General Release I"),[5] which included Johnson's pending EEOC and REDA charges, and all other claims, but excluded his workers' compensation claim pending before the North Carolina Industrial Commission. Following the expiration of the seven-day waiting period, Plaintiff received $20,000 in exchange for his release of all claims against Hendrick Honda, HAG, and all other affiliated entities.

---

[1] Compl. "Facts" ¶ 3.
[2] Attached hereto as Exhibit 1.
[3] Attached to Compl.
[4] Attached hereto as Exhibit 2.
[5] Attached hereto as Exhibit 3.

Johnson filed a <u>second EEOC charge</u> (Case No. 430-2008-03382)[6] – naming Hendrick Honda as respondent – on June 11, 2008 reiterating his allegations of race discrimination. He further claimed that Hendrick Honda violated the confidentiality provision of his February 15, 2008 General Release by providing information to the North Carolina Industrial Commission concerning his workers' compensation claim and by allegedly informing other local dealerships that he had filed charges with the EEOC. Johnson failed to recognize, however, that the confidentiality provisions in the General Release applied exclusively to him, and that the release specifically indicated that the confidentiality provisions would not be breached by information released in connection with Johnson's workers' compensation claim. As set forth below, the parties eventually agreed to resolve these claims, and the EEOC notified Plaintiff on September 18, 2008 that it would take no further action on his charge.

On September 12, 2008, after having received workers' compensation payments at a rate of $754 dollars per week for a period of time and full payment of related medical expenses, Plaintiff resolved his workers' compensation claim against Hendrick Honda. As part of the settlement, the parties signed another General Release of all Claims ("General Release II"),[7] providing $3,000 consideration to Plaintiff for his agreement to withdraw his second EEOC charge and to release any and all claims against Defendant. The parties also filed an Agreement for Final Settlement and Release[8] with the North Carolina Industrial Commission providing $7,000 consideration for settlement of the claim.

On September 19, 2008, Plaintiff contacted Defendant indicating that he wished to revoke the previously signed workers' compensation and General Release II, specifically

---

[6] Attached to Compl.
[7] Attached hereto as Exhibit 4.
[8] Attached hereto as Exhibit 5.

alleging that he was not given sufficient time to revoke the releases and consult his attorneys.[9] Despite Plaintiff's request to revoke the agreements, he failed to repay the consideration given to him in exchange for any of the releases at issue. Moreover, the Industrial Commission has upheld the validity of the settlement agreement pertaining to his workers' compensation claim,[10] which occurred in open court on the record.

Johnson filed a <u>third EEOC charge</u> (Case No.: 430-2009-02831)[11] – naming Hendrick Honda as respondent – on June 10, 2009 *reiterating* the allegations set forth in his first and second charges, and further claiming discrimination on the basis of age. Defendant pointed out to the EEOC that it need not provide a position statement in response, considering that most, if not all, of his current allegations had been addressed and released in connection with his earlier charges. The Commission agreed and issued a no cause finding and right-to-sue letter on <u>December 9, 2009</u>.[12]

On March 10, 2010, Plaintiff filed a *pro se* Complaint in the United States District Court for the Western District of North Carolina, the Charlotte Division. He alleged discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); retaliation in violation of N.C.G.S. § 95-241; unfair trade practices in violation of N.C.G.S. § 75-1.1; and a violation of N.C.G.S. § 95-25.6. On March 11, 2010, Plaintiff filed an application with the Western District to proceed *in forma pauperis*, which the Court denied. After changing the answers on the application, Plaintiff filed an amended application on April 5, 2010, which the Court reluctantly approved.

---

[9] Compl. "Breached Settlement Agreement and Release by Company" ¶ 6.
[10] Attached hereto as Exhibit 6.
[11] Attached to Compl.
[12] Attached to Compl.

4

On April 20, 2010, Hendrick Honda received a letter via certified mail addressed to "Hendrick Honda Automotive Group." (Fulp Decl. ¶ 4, Ex. A.) The envelope contained two documents titled "Summons" and "Complaint." (*Id.*, Ex. B.) The Summons was addressed to "Hendrick Honda Automotive Group", but identified "Hendrick Automotive Group" as the Defendant. (*Id.* ¶ 5.) The Complaint identified "Hendrick Automotive Group" as the defendant. (*Id.* ¶ 6.) Cheryl Cote, a receptionist, without managerial responsibilities, signed for the package containing the Summons and Complaint. (Fulp Decl. ¶ 7.) Cote is not an officer, director, or registered or managing agent of Hendrick Honda. (*Id.*)

## ARGUMENT AND AUTHORITIES

Plaintiff's claims against Defendant should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) for a number of reasons. First, Hendrick Automotive Group is not a proper Defendant. As such, all claims against it should be dismissed. Furthermore, Plaintiff failed to provide valid service and service of process, as required by the Federal Rules of Civil Procedure. As such, this Court does not have jurisdiction over Defendant. Moreover, Plaintiff has signed more than one valid release barring all those claims for which he seeks relief. In addition to being released, to the extent Plaintiff has articulated a claim for breach of contract against Defendant, such claim fails to state a claim for which relief can be granted and must be dismissed. Finally, Plaintiff's Title VII and ADEA claims are time barred, and thus, fail to state a claim for which relief can be granted.

**A.   Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) because the Summons is defective on its face.**

As set forth in Fed. R. Civ. P. 4(a)(1), a summons must contain: the name of the court and the parties; be directed to the defendant; state the name and address of the plaintiff; state the time within which the defendant must appear and defend; notify the defendant that a failure to

appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; be signed by the clerk; and bear the court's seal.

Under State and Federal law, valid process directed to a partnership requires that the summons be addressed to an officer, director, or managing agent of authorized by appointment or by law to be served or to accept service of process. *See* Fed. R. Civ. P. 4(h)(1)(A)-(B); N.C. R. Civ. P. 4(j)(7)(a).

In the instant case, Plaintiff's Summons was directed to "Hendrick Honda Automotive Group." (Decl. ¶ 4, Ex. B, ¶ 5.) It did not include the name of a registered agent, nor did it include the name of an officer, director, or agent of Hendrick Honda, who may be considered a "managing agent" of Hendrick Honda under applicable law.[13]

Plaintiff's failure to direct the Summons to any of the parties authorized to accept service on behalf of a partnership makes the Summons "defective on its face." As such, the Court should grant Defendant's Motion to Dismiss under 12(b)(4) for insufficient process. *See Lane v. Winn-Dixie Charlotte, Inc.*, 169 N.C. App. 180, 187, 609 S.E.2d 456, 460 (2005) (holding that plaintiff was not entitled to presumption of proper service because summons was facially invalid since it did not name any person to be served as required by N.C. R. Civ. P. 4(j)(6)); *Adams v. GE Money Bank*, No. 1:06CV00227, 2007 WL 1847283, at *3 (W.D.N.C. June 25, 2007)[14] (granting defendant's 12(b)(4) motion to dismiss where summons was not directed or addressed to an officer or agent of the corporation as required by North Carolina's Rules of Civil Procedure).

---

[13] *See Baade v. Price*, 175 F.R.D. 403, 405 (D.D.C. 1997) (holding that recipient of summons and complaint must be working for the defendant and have "such status within the corporation that common sense would expect the recipient to see that the summons promptly gets into the hands of appropriate personnel"); *Witcher v. Mac Tools, Inc.*, 62 F.R.D. 708, 710 (M.D.N.C. 1974) (a managing agent is one with broad executive responsibilities").
[14] Attached hereto as Exhibit 7.

**B.     Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.**

Pursuant to Fed. R. Civ. P. 4(h)(1)(A) and 4(e), service may be effected on a partnership by delivering a copy of the summons and complaint to an officer, a managing agent or general agent, or any other agent authorized by appointment or by law to receive service of process, or by any means set forth under state law. In the instant case, Plaintiff served Hendrick Honda via certified mail, and as such, state law applies. The North Carolina rules for service on a partnership clearly state that process served via U.S. Mail must be "addressed to any general partner, or to any attorney-in-fact or agent authorized by appointment or by law to be served or to accept service of process in its behalf." N.C. R. Civ. P. 4(j)(7)(a).

Plaintiff's Summons was addressed to "Hendrick Honda Automotive Group." (Fulp Decl. ¶ 4, Ex. B, ¶ 5.) Plaintiff did not serve process on any general partner, or to any attorney-in-fact or agent authorized by appointment or by law to be served or to accept service of process in its behalf. Neither the Summons, Complaint, nor the envelope in which these documents were mailed provide the name of any officer, director, or agent of Hendrick Honda, and thus, Hendrick Honda has not been properly served pursuant to N.C. R. Civ. P. 4(j)(7)(a). *See McDaniel v. Greyhound Lines, Inc.*, No. 2:08-cv-130-FDW, 2008 WL 2704774, at *4-5 (W.D.N.C. July 7, 2008)[15] (granting 12(b)(5) motion to dismiss where *pro se* plaintiff made no showing that service was effected to an appropriate agent to receive service of process); *Adams*, 2007 WL 1847283, at *3 (granting motion to dismiss for improper process and service of process, where *pro se* plaintiff served defendants via certified mail but named only the corporate, association, or partnership entities in the summons for each defendant, rather than direct the summons to any of the individuals specified by Rule 4(j) of the North Carolina Rules of Civil

---

[15] Attached hereto as Exhibit 8.

Procedure); *see also Shaver v. Cooleemee Vol. Fire Dept.*, No.1:07CV175, 2008 WL 942560, at *1-2 (M.D.N.C. April 7, 2008)[16] (dismissing plaintiff's complaint under Fed. R. Civ. P. 12(b)(4) and 12(b)(5) because the summons was directed solely to the corporate defendant and did not contain any direction to an officer, director, or agent).

The Fourth Circuit has made clear that "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys*, 733 F.2d 1087, 1089 (4th Cir. 1984). Moreover, "North Carolina law requires that service of process statutes be strictly construed and followed, and a plaintiff who fails to comply with them, **even where actual notice occurs**, does not properly serve the defendant." *Shaver,* 2008 WL 942560, at *3; *Guthrie v. Ray*, 293 N.C. 67, 69, 235 S.E.2d 146, 148 (1977).

The fact that Plaintiff is proceeding *pro se* does not excuse his failure to follow these rules. *Shaver,* 2008 WL 942560, at *3. The rules governing service of process "apply equally to litigants proceeding with or without counsel." *Id.* Because Plaintiff failed to direct or address service of process to any officer, director, or appropriate agent of Hendrick Honda, Plaintiff's Complaint should be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Though Plaintiff addressed his Summons to Hendrick Honda, and served the Complaint on the Hendrick Honda dealership, the caption of Plaintiff's Summons and Complaint identify "Hendrick Automotive Group" as the Defendant. All claims against HAG should be dismissed because HAG is not a proper party-defendant. As the Declaration of Heather McClellan-Clark,[17] makes clear, Plaintiff was an employee of Hendrick Honda and did not work for HAG. (McClellan-Clark Decl. ¶ 3.) In fact, HAG is a separate business entity. (*Id.* ¶ 4.) There is no

---

[16] Attached hereto as Exhibit 9.
[17] Attached hereto as Exhibit 10.

8
Case 3:10-cv-00109-FDW    Document 14    Filed 06/01/10    Page 8 of 20

interrelation of operations between HAG and Hendrick Honda. (*Id.*) Furthermore, there is no common management nor common ownership or financial control between HAG and Hendrick Honda. (*Id.* ¶ 5.)

### C. Plaintiff's Complaint should be dismissed for lack of personal jurisdiction because Plaintiff has failed to comply with Federal Rules of Civil Procedure governing process and service of process.

Where the procedural requirements of sufficient process and service of process are not satisfied, a court lacks power to assert personal jurisdiction over a defendant. *Glover v. Farmer*, 490 S.E2d 576, 577 (N.C.App. 1997) (citing *Sink v. Easter*, 202 S.E.2d 138, 143 (N.C. 1974)).

The Supreme Court of North Carolina has held that "statutes authorizing substituted service of process, service or publication, or other particular methods of service, are in derogation of common law, **are strictly construed, and must be followed with particularly**." *Hassell v. Wilson*, 301 N.C. 307, 314, 272 S.E.2d 77, 81 (1980).

*Pro se* plaintiffs are not exempt from this exacting standard. *See McDaniel*, 2008 WL 2704774, at *5 (granting 12(b)(2) motion where *pro se* plaintiff failed to satisfy service of process requirements under 12(b)(5)) *citing* (*Transylvania County v. Lincoln General Ins. Co.*, No.1:05cv282, 2005 U.S. Dist. LEXIS 44472 (W.D.N.C. Sept. 29, 2005)).[18] Because Plaintiff has failed to comply with the process and service of process requirements of N.C. R. Civ. P. 4(j)(7), this Court has no personal jurisdiction over Hendrick Honda and should dismiss Plaintiff's Complaint against it under Fed. R. Civ. P. 12(b)(2).

---

[18] Attached hereto as Exhibit 11.

**D. Even if the Court determines that it may exercise personal jurisdiction over Hendrick Honda, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.**

Federal Rule of Civil Procedure 12(b)(6) permits courts to dismiss meritless cases that waste judicial resources and result in unnecessary discovery. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). "Factual allegations must be enough to raise a right to relief above the speculative level" such that they "raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555; 127 S.Ct. 1955, 1965; 167 L.Ed. 2d 929 (2007). A court must dismiss a claim under Rule 12(b)(6) if a plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

**1. Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because he released all claims related to or arising out of his employment with Hendrick Honda.**

As a preliminary matter, Plaintiff did not attach any of the pertinent releases to his Complaint. He did, however, allege multiple violations of each release in the Complaint, making them integral to the claims in his Complaint. As such, all pertinent releases may be considered in the context of a 12(b)(6) motion without converting it into a motion for summary judgment. *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir.2004) (holding that a court may consider certain extrinsic evidence in ruling on a 12(b)(6) motion if it was "integral to and explicitly relied on in the complaint" and the opposing party does not challenge its authenticity); *Weaver v. Saint Joseph of the Pines, Inc.*, 652 S.E.2d 701, 707 (N.C.App. 2007) (same - pertaining to a release of claims).

As indicated above, Plaintiff signed four different releases in this case: (1) the February 12, 2008 Mediation Agreement; (2) General Release I, in which Hendrick Honda provided

$20,000 consideration for a release of all claims related to or arising out of his employment with Defendant; (3) General Release II, which provided an additional $3,000 consideration to Plaintiff for his agreement to withdraw his second EEOC charge and to release any and all claims against Defendant; and (4) Agreement for Final Settlement and Release for $7,000 consideration to settle his pending workers' compensation claim.

It is well established that a broad and general release of all claims, which is voluntarily executed in exchange for valid consideration, acts as a bar to any claim covered by the time period of the release. *Virginia Impression Products Corp. v. SCM Corp.*, 448 F.2d 262, 265 (4th Cir. 1971) (a general release indicates that "the parties desire to settle all matters forever . . . not only enumerated specific differences, but claims of every kind or character, known and unknown") (internal citations omitted); *VF Jeanswear Limited Partnership v. Molina*, 320 F.Supp.2d 412, 419 (M.D.N.C. 2004) ("[w]hen a release is executed in exchange for valuable consideration, the release provides a complete defense to an action for damages").

Virtually all the Counts in Plaintiff's Complaint contain allegations relating to his past employment with Defendant. At the time he signed General Release I, Plaintiff had resigned his position with Hendrick Honda. Accordingly, all claims related to his employment were covered by the release. Broadly construed, the discernable allegations in his Complaint are as follows:

(1) retaliation and discrimination on the basis of race in violation of Title VII[19]

(2) age discrimination in violation of the ADEA[20]

(3) retaliatory termination in violation of N.C.G.S. § 95-241 (REDA)[21]

(4) alleged violations of N.C.G.S. § 95-25.6, pertaining to payment of wages[22]

---

[19] Compl. "Jurisdiction and Venue" ¶¶ 1-2; "Facts" ¶¶ 14-15.
[20] Compl. "Jurisdiction and Venue" ¶ 2.
[21] Compl. "Jurisdiction and Venue" ¶ 1.
[22] Compl. "Jurisdiction and Venue" ¶ 1.

(5)   retaliation for filing a workers' compensation claim[23]

(6)   that he was forced to take unwanted medical leave related to workers' compensation injuries[24]

(7)   sexual harassment[25]

(8)   threats against his life by coworkers[26]

(9)   that he was forced to attend parties at which gambling was taking place and alcohol was being served[27]

(10)  unfair trade practices in violation of N.C.G.S. § 75-1.1[28]

(11)  breach of settlement agreement and release[29]

Allegations (1)-(10) pertain to events related to or arising out of his employment with Hendrick Honda and predate the execution of each General Release. As such, Plaintiff has no right of action with regard to any of these claims. Allegation (11) is the only claim that is arguably not covered by a signed release. As set forth below, this claim fails to state a claim for which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

> **2. Plaintiff's breach of contract claim fails to state a claim for which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).**

Under North Carolina law, release provisions are contractual in nature and are governed by the same rules applicable to contracts. As such, three elements must be present: offer, acceptance, and consideration. *Locklear v. Person County Bd. Of Educ.* No. 1:05CV00255, 2006

---

[23] Compl. "Retaliatory Termination" ¶ 1.
[24] Compl. "Facts" ¶ 2, ¶ 8.
[25] Compl. "Facts" ¶ 9.
[26] Compl. "Facts" ¶ 4.
[27] Compl. "Facts" ¶ 10-13.
[28] Compl. "Jurisdiction and Venue" ¶ 1, ¶3; "Unfair and Deceptive Trade Practices" ¶ 2.
[29] Compl. "Breached Settlement Agreement and Release by Company" ¶¶ 2-9. North Carolina's courts have long held that the protections of the Unfair and Deceptive Trade Practices Act do not extend to "run of the mill" employment disputes. *Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 710 (2001).

WL 1743460, at *4 (M.D.N.C. June 22, 2006)[30] (citing *Horton v. Norfolk S. Corp.*, 102 F.Supp.2d 330, 339 (M.D.N.C.1999); *Wilson Group, Inc. v. Quorum Health Resources, Inc.*, 880 F.Supp. 416, 425 (D.S.C.1995)).

When a release provides something of value, courts will not void the release in the absence of fraud, coercion, or undue influence. *Locklear,* 2006 WL 1743460, at *4; *see also Hyman v. Ford Motor Co.*, 142 F.Supp.2d 735, 743-46 (D.S.C. 2001). Duress and coercion exist in those cases where one is induced to make a contract under circumstances which deprive him of the exercise of free will. *Sides v. Guildord County School Bd.*, 560 S.E.2d 886, 886 (N.C.App. 2002). In the instant case, there is not a single allegation in Plaintiff's Complaint indicating that Defendant engaged in any act that could be considered fraudulent, coercive, or that resulted in undue influence.

Even assuming that Plaintiff was able to establish those elements necessary to void the contract, under applicable law, in order to rescind he would be required to tender back consideration paid to him after signing the release. Rescission of a contract is an equitable remedy and a plaintiff seeking rescission of his or her obligations "must return or offer to return whatever he may have received from the defendant." *York v. Cole*, 254 N.C. 224, 225 (1961); *accord Melton v. Family First Mortg. Corp.*, 576 S.E.2d 365, 371 (N.C.App. 2003) (citing *Opsahl v. Pinehurst Inc.*, 81 N.C.App. 56, 65 (1986) ("[a]s a general rule, a party is not allowed to rescind where he is not in a position to put the other in status quo by restoring the consideration passed").

Plaintiff's attempted revocations of the releases were invalid. Plaintiff did not revoke Release I. Moreover, his request to revoke Release II was seven months after execution of the

---

[30] Attached hereto as Exhibit 12.

initial release. In addition, Plaintiff retained the $20,000 consideration given to him, and thus, ratified the contract.

Plaintiff also attempted to revoke General Release II.[31] This attempt to revoke was likewise invalid. All of the claims pertaining to or arising out of his employment with Defendant had already been released per General Release I.[32] Moreover, even if Plaintiff had not signed General Release I, his attempted revocation of General Release II would have been effective as to any ADEA claim, but would not effectively revoke any of the other released claims. *See Lewis v. Extended Stay American, Inc.*, 454 F.Supp. 453, 458 (M.D.N.C. 2006):

> Plaintiff executed a valid release and could not effectively revoke that release merely by advising Defendant of his change of mind and tendering the consideration back to Defendant. Plaintiff's revocation within seven days of executing the release was, however, effective as to his age discrimination claim.

Plaintiff also attempted to rescind the Agreement for Final Settlement and Release related to his workers' compensation claim. However, the Industrial Commission reviewed Plaintiff's request to revoke, and ruled that the workers' compensation release was valid and would remain in effect.

Under the heading "Breached Settlement Agreement and Release by Company" appearing on pages 7-9 of Plaintiff's Complaint, Plaintiff's specific allegations pertaining to Defendant's alleged breach "Settlement of Agreement and Release" are as follows:

**¶¶ 1 and 7**: Paragraphs one and seven contain various allegations of discrimination, including: sexual harassment; race discrimination; workers' compensation retaliation; and age discrimination.

---

[31] Plaintiff failed to tender back any of the money received in connection with the relevant settlement agreements.

[32] Plaintiff's revocation of General Release II was within the seven-day revocation period mandated by the Older Workers Benefit Protection Act. However, even if the revocation of his ADEA claim was permissible, it was ineffectual for the following reasons: (1) he had already released the ADEA claim in signing General Release I; and (2) he made no allegations in the Complaint supporting the claim that he was discriminated against on the basis of age. He had not alleged age discrimination in the first two charges filed with the EEOC.

14

Case 3:10-cv-00109-FDW   Document 14   Filed 06/01/10   Page 14 of 20

All of these allegations pertain to alleged events and/or behavior that took place prior to Plaintiff's execution of General Release I, and thus, are barred in accordance with applicable law.

¶¶ **2-5**: The basic premise of Paragraphs 2-5 is that Defendant breached the confidentially provision in General Release I by providing information to the North Carolina Industrial Commission and other relevant parties concerning his pending workers' compensation and unemployment compensation claims.

Johnson failed to recognize, however, that the release does not contain provisions which require confidentiality by the Defendant. Moreover, Paragraphs 1 and 8 of General Release I specifically indicate that the confidentiality provisions would not be breached by information released in connection with Johnson's workers' compensation claim.

> Agreement Paragraph 2: This waiver and release of claims does not apply to Johnson's claim for injury to his hand under the North Carolina Workers' Compensation Act which is pending in a separate proceeding before the North Carolina Industrial Commission.
>
> Agreement Paragraph 8: [T]his agreement to disclose those portions of this Agreement of the Mediation Settlement Agreement as may be strictly and absolutely necessary: . . . (d) in connection with Johnson's workers' compensation claim that currently is pending before the North Carolina Industrial Commission.

¶ **6 and** ¶¶ **8-9**: Plaintiff claims that he was entitled to revoke the settlement agreement upon the advice of his attorney. This does not provide any claim for relief.

As discussed above, Plaintiff's attempted revocation was ineffective under North Carolina law. He has not sufficiently alleged that Defendant breached the release. Accordingly, his Complaint shall be dismissed.

### 3. Plaintiff's Title VII and ADEA claims must also be dismissed because they are time barred.

On June 10, 2009, Plaintiff submitted his third and final EEOC Charge. For the most part, the charge reiterated the allegations of his first and second charges. However, he further alleged – for the first time – discrimination on the basis of age. The EEOC summarily dismissed the charge and issued a right-to-sue notice on December 9, 2009.

As indicated above, Plaintiff agreed to sign General Release I on February 15, 2008, releasing all claims related to or arising out of his employment with Defendant, including Title VII and ADEA claims. Even assuming Plaintiff was able to successfully rescind the settlement agreement, his ADEA claim is untimely. According to EEOC regulations, individuals are required to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory action. 29 C.F.R. § 1626.7. Plaintiff's first and second EEOC charges, filed January 8, 2008 and June 11, 2008, respectively, made no allegations pertaining to discrimination on the basis of age. Plaintiff first alleged age discrimination in his third EEOC charge filed June 10, 2009 – 481 days after his last day of employment with Defendant. Thus, his claim of age discrimination fell far beyond the 180 time limit set forth in the EEOC regulations. As such his claim of age discrimination is time bared pursuant to the applicable statute of limitations.

### CONCLUSION

Virtually all of Plaintiff's claims pertain to alleged acts or omissions arising out of his employment with Hendrick Honda. Each of these claims is barred by the valid release executed by Plaintiff in February 2008. Thus, he has failed to state a claim upon which relief can be granted as to each of those claims. His only other claim – breach of contract – is likewise

unavailing, and fails to state a claim for which relief can be granted. Even if the Complaint stated an actionable claim, it should be dismissed for improper service.

Hendrick Honda respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety for insufficient process, insufficient service of process, the resultant lack of personal jurisdiction, and/or failure to state any claim upon which relief can be granted.

Respectfully submitted this 1st day of June, 2010.

>
> OGLETREE, DEAKINS, NASH,
>   SMOAK & STEWART, P.C.
>
> By:   /s/ C. Matthew Keen
>       C. Matthew Keen
>       N.C. State Bar No. 14204
>       4208 Six Forks Road, Suite 1100
>       Raleigh, N.C. 27609
>       Telephone: 919-787-9700
>       Facsimile: 919-783-9412
>       E-mail: Matt.Keen@odnss.com
>
> *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-cv-109-W

| | |
|---|---|
| RAYMOND JOHNSON, ) | |
| ) | |
| Plaintiff, ) | **WORD COUNT CERTIFICATION** |
| ) | |
| v. ) | |
| ) | |
| HENDRICK AUTOMOTIVE GROUP, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pursuant to Section (3)(b)(iv) of Judge Whitney's Standing Order, I certify that Defendant Hendrick Automotive Group's Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint is 4,474 words long, which is within the 4,500 word limitation set forth in Section (3)(b)(iv).

Respectfully submitted this 1st day of June, 2010.

        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.

    By: /s/ C. Matthew Keen
       C. Matthew Keen
       N.C. State Bar No. 14204
       4208 Six Forks Road, Suite 1100
       Raleigh, N.C. 27609
       Telephone: 919-787-9700
       Facsimile: 919-783-9412
       E-mail: Matt.Keen@odnss.com

       *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-cv-109-W

RAYMOND JOHNSON,                )
                                )
    Plaintiff,                 )   **CERTIFICATE OF SERVICE**
                                )
v.                              )
                                )
HENDRICK AUTOMOTIVE GROUP,      )
                                )
    Defendant.                 )
_____)

It is hereby certified that Defendant Hendrick Automotive Group's Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint and Word Count Certification were electronically filed with the Clerk of Court using the CM/ECF system and that the undersigned has served the foregoing upon all parties to this cause in accordance with the Federal Rules of Civil Procedure by depositing a copy thereof, via First Class mail, postage paid in the United States mail, addressed to:

    Raymond Johnson, *pro se*
    P.O. Box 4311
    Florence, S.C. 29502

Respectfully submitted this 1st day of June, 2010.

                    OGLETREE, DEAKINS, NASH,
                      SMOAK & STEWART, P.C.

By: /s/ C. Matthew Keen
     C. Matthew Keen
     N.C. State Bar No. 14204
     4208 Six Forks Road, Suite 1100
     Raleigh, N.C. 27609
     Telephone: 919-787-9700
     Facsimile: 919-783-9412
     E-mail: Matt.Keen@odnss.com

*Attorneys for Defendants*

8588216.1