# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-00109-FDW-DCK

| | |
|---|---|
| RAYMOND A. JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| HENDRICK AUTOMOTIVE GROUP, | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on Defendant Hendrick Automotive Group's Motion to Dismiss (Doc. No. 13). Because Plaintiff appears *pro se*, the Court issued a Roseboro notice (Doc. No. 15) informing Plaintiff of the burden he carries in responding to Defendant's motion and allowing Plaintiff until July 12, 2010, to respond to Defendant's motion. Plaintiff timely responded providing argument in opposition to the motion (Doc. No. 18), as well as documentary evidence Plaintiff contends support his opposition (Docs. Nos. 19, 21). Defendant replied to Plaintiff's response (Doc. No. 20). This matter, having been fully briefed, is now ripe for disposition. For the following reasons, Defendant's motion is DENIED IN PART and GRANTED IN PART.

## I. BACKGROUND

Plaintiff filed this action *pro se* alleging several causes of action arising out of Plaintiff's employment. The gravamen of Plaintiff's complaint alleges that Defendant discriminated against him while he was employed as a car salesman with Hendrick Honda.[1] Defendant has moved to dismiss the Complaint on several grounds: (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); (2) insufficient process pursuant to Fed. R. Civ. P. 12(b)(4); (3) insufficient service of

---

[1] As discussed below, Defendant Hendrick Automotive Group contends that it is a separate, unrelated entity from Hendrick Honda.

process pursuant to Fed. R. Civ. P. 12(b)(5); and (4) failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II. ANALYSIS

### A. Jurisdictional Issues

Because three of the four grounds asserted by Defendant for dismissal are jurisdictional, the Court will address them first. Since the filing of Defendant's original motion, Plaintiff had new summons issued and served on five different purported agents of Defendant. As a result, Defendant now concedes that Plaintiff has cured process and service of process as to Hendrick Automotive group. (Doc. No. 20, p. 2). Consequently, to the extent that Defendant has moved to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(2), (b)(4), and (b)(5) based on improper service and service of process, those portions of Defendant's motion are DENIED.

In a related argument, Defendant contends that Plaintiff has sued the wrong party and that Hendrick Honda, not Hendrick Automotive Group, is the appropriate defendant here. Defendant concedes that Plaintiff addressed a summons to "Hendrick Honda" and served the Complaint on the Hendrick Honda dealership (Doc. No. 14, p. 8), but argues that dismissal is appropriate because Hendrick Automotive Group, and not Hendrick Honda, is the named Defendant in the caption of this action. In support of this contention, Defendant submitted the Declaration of Heather McClellan-Clark (Doc. No. 14-10), which suggests that Hendrick Automotive Group is a separate business entity from Hendrick Honda and that no common management, ownership, or financial control exists between the two companies. Defendant's own exhibits, however, indicate the contrary is *possible*. The "General Release of All Claims" (Doc. No. 14-3) (hereinafter, "General Release I") indicates that the parties to the Genereal Release I include "South Boulevard Auto Investors Company Limited Partnership d/b/a Hendrick Honda of Charlotte, on its own behalf and on behalf

of its past and present parents, subsidiaries, and affiliates, including . . . Hendrick Automotive Group, and its respective past and present predecessors, successors, assigns, representatives, officers, directors, agents, and employees (collectively, 'Hendrick Honda')." In addition to Plaintiff and a Notary Public, the only other party to sign the General Release I and another release executed September 12, 2008, (hereinafter, "General Release II") included the "Executive General Manager" for "South Boulevard Auto Investors Company Limited Partnership d/b/a Hendrick Honda of Charlotte." (Docs. Nos. 14-3, 14-4). Moreover, in the "Agreement for Final Settlement and Release" (Doc. No. 14-5), Defendant Hendrick Automotive Group is specifically identified as Plaintiff's "Employer." (Doc. No. 14-5).

It appears that an issue exists as to whether Defendant Hendrick Automotive Group or Hendrick Honda (or both) is the appropriate party to the lawsuit. The Court, however, need not decide this issue at this juncture. Defendant has presented only minimal evidence on this issue, and Defendant's argument requires this Court to consider whether Defendant is an "employer" for purposes of the Age Discrimination in Employment Act ("ADEA") and Title VII. Additionally, the time for Plaintiff to amend his Complaint to add parties has not expired. Accordingly, Defendant's argument is more suited for a summary judgment motion. The Court therefore DENIES this portion of Defendant's motion without prejudice.

**B. Plausibility of Plaintiff's Claims**

Having concluded that this Court has personal jurisdiction over Defendant, the Court turns now to that portion of the motion to dismiss that seeks to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Here, Defendant identifies eleven purported causes of action in the Complaint. (Doc. No. 14, pp. 11-12). After construing the allegations broadly, the Court agrees that it appears Plaintiff has asserted, at best, the following ten claims

against Defendant: (1) age discrimination; (2) race discrimination and retaliation; (3) retaliatory termination in violation of N.C. Gen. Stat. § 95-241; (4) alleged violations of N.C. Gen. Stat. § 95-25.6, pertaining to payment of wages; (5) retaliation for filing a workers' compensation claim; (6) being forced to take unwanted medical leave related to his workers' compensation injuries; (7) sexual harassment; (8) hostile work environment (threats made by coworkers; attending parties where gambling took place and alcohol was served);[2] (9) unfair and deceptive trade practices; and (10) breach of settlement agreement and release.

Defendant contends that the first nine causes of action must be dismissed because Plaintiff released all claims related to or arising out of his employment with Hendrick Honda. Defendant provided copies of these settlement and release documents as part of its motion to dismiss. Although Plaintiff did not attach any of the pertinent releases to his Complaint, he alleged multiple violations of the documents in the Complaint, thereby making them integral to and explicitly relied on in the Complaint. See American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 239 (4th Cir. 2004) ("Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir.1999); see also Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir.1998)).

Here, Plaintiff executed four separate documents, which Defendant contends bar the majority of Plaintiff's claims: (1) February 12, 2008, Mediation Agreement; (2) General Release I, dated

---

[2] In its analysis, Defendant breaks this claim into two separate causes of action. The Court, however, for purposes of the instant motion finds it more appropriate to combine the two.

February 15, 2008, in which Hendrick Honda provided $20,000 consideration in exchange for a release from Plaintiff for "all claims arising out of or related to the events that were or could have been made the subject of the charge of discrimination . . . ;" (3) General Release II, dated September 12, 2008, in which Hendrick Honda provided an additional $3,000 consideration to Plaintiff for his agreement to withdraw his second EEOC charge and to release "all claims arising out of or related to the events that were or could have been made the subject of the charges of discrimination . . . ;" and (4) Agreement for Final Settlement and Release, dated September 12, 2008, in which Hendrick Automotive Group provided $7,000 consideration for Plaintiff to settle his pending workers' compensation claim and Plaintiff agreed to discharge Defendant "from any and all liability and future liability in any way arising out of or in connection with any and all injuries of any nature suffered during his employment at Hendrick Automotive Group . . . ." (Docs. Nos. 14-2, 14-3, 14-4, 14-5).

Plaintiff contends that the General Release II, which was signed September 12, 2008, is not binding because he revoked his acceptance to that agreement. Defendant counters that such revocation or rescission was inconsequential because Plaintiff never remitted the consideration paid to him in exchange for the release. By raising the issue of the validity of this General Release II, Plaintiff has, for purposes of this Court's analysis, challenged its authenticity and has therefore removed this Court's ability to consider the document at this early stage. See American Chiropractic Ass'n, 367 F.3d at 234. Accordingly, the Court will not consider this document as it relates to Defendant's motion to dismiss.

Consequently, it appears that the other release and settlement documents completely bar Plaintiff's first nine claims against Defendant for conduct that occurred prior to the signing of the General Release I on February 12, 2008, and to the extent Plaintiff has asserted causes of action

related to his workers' compensation claim, which was the subject of the September 12, 2008, Final Settlement and Release.[3] By the express terms of these release and settlement documents, Plaintiff relinquished rights to claims not only against Hendrick Honda, but also against the named Defendant here - Hendrick Automotive Group. Plaintiff has not challenged the authenticity of these documents, nor has Plaintiff sufficiently pleaded a claim that Defendant coerced or defrauded Plaintiff into signing any of those documents. Accordingly, Defendant's motion to dismiss is GRANTED as to those portions of Plaintiff's Complaint seeking damages for conduct prior to February 12, 2008, and that relate to the workers' compensation claim, but DENIED to the extent that Plaintiff asserts causes of action for conduct occurring after February 12, 2008.[4]

Finally, Defendant argues that Plaintiff's tenth claim for breach of contract also fails to state a claim upon which relief can be granted. As an initial matter, the Court has already raised the issue concerning the questionable validity of the General Release II based on Plaintiff's assertion that he has revoked or rescinded his acceptance of that agreement. In a somewhat inconsistent move, however, Plaintiff appears to have asserted claims against Defendant for breach of that document. Because it remains to be seen whether the document is in fact a binding contract, it is inappropriate at this stage to determine the plausibility of the claims related to the provisions therein. Should it be determined at summary judgment or trial that General Release II has not been revoked or

---

[3]Plaintiff mentions that he attempted to reopen his workers' compensation claim, which could be viewed as an attempt to revoke that settlement agreement as well. Plaintiff, however, concedes that the North Carolina Industrial Commission refused to reopen his charge because he had accepted a monetary resolution and signed the settlement agreement. (Doc. No. 18). Plaintiff's concession shows the finality of that settlement agreement, and the Court cannot see how the authenticity of this document could viably be challenged. Therefore, the Court will consider it.

[4]Because Plaintiff did not resign his employment with Defendant until February 15, 2008, it is plausible that some of the alleged misconduct surrounding Plaintiff's employment with Defendant took place after the signing of the First Release.

rescinded, then the Court can revisit this issue at that time.

As to the alleged breaches in the other documents, the General Release I specifically contemplates disclosure of those terms in relation to Plaintiff's pending claim before the North Carolina Industrial Commission. Therefore, to the extent Plaintiff asserts a cause of action related to disclosures made by Defendant in connection with Plaintiff's workers' compensation claim, those claims are barred and that portion of Defendant's motion is GRANTED.

Plaintiff also alleges in that portion of his complaint entitled "Breached Settlement Agreement and Release by Company" that Defendant called "several dealerships in the Charlotte area to inform them that Plaintiff had filed charges with the EEOC and extorted money from them . . . ." The Court finds it is plausible that in discussions with other dealers, Defendant could have relayed information that Plaintiff intended to be confidential as part of the execution of the various settlement documents, including the amount paid by Defendant to Plaintiff and other terms of the agreements. The motion to dismiss this portion of Plaintiff's claim is DENIED.

### III. CONCLUSION

Because of the numerous allegations asserted by Plaintiff and in light of Plaintiff's *pro se* status before this Court, the Court pauses to clarify what issues remain to be litigated in this case. First, the personal jurisdiction issues have been resolved either by Plaintiff's additional service of the summons and complaint or by Defendant's own concessions. The Court is satisfied that it has personal jurisdiction over Defendant, and that portion of Defendant's motion to dismiss is denied. Second, as to the first nine causes of action (as enumerated by this Court above after broadly construing all of the allegations in the Complaint), the bulk of those claims are dismissed pursuant

to the settlement documents[5] executed by Plaintiff and Defendant. Only those claims that allege misconduct occurring after February 12, 2008, remain viable, and Plaintiff should understand that the presentation of evidence will be limited accordingly. As to the claim for breach of the settlement agreements, Plaintiff's cause of action for conduct related to disclosure of information to other dealerships has survived this initial hurdle, although it remains to be seen whether Plaintiff can produce sufficient evidence to support this claim. As to those portions of this cause of action that relate to disclosure of information in connection with the workers' compensation claim, Plaintiff has not asserted a plausible claim for a breach of any provision of the settlement documents, particularly where the General Release I specifically contemplates disclosure of that information.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 13) is GRANTED IN PART and DENIED IN PART as explained herein. Defendant shall promptly file its answer, and the parties should proceed to an initial attorneys' conference and submission of the Certificate of Initial Attorney FRCP 26(f) Conference Form as soon as possible and no later than allowed by the applicable rules and standing orders governing this case.

IT IS SO ORDERED.

Signed: September 10, 2010

Frank D. Whitney
United States District Judge

---

[5] As explained above, these documents include the Mediation Agreement, General Release I, and the Agreement for Final Settlement and Release executed in connection with the workers' compensation claim. The Court does not include General Release II, the validity of which has been questioned by Plaintiff.