# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-109-FDW-DCK

| | |
|---|---|
| RAYMOND JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| HENDRICK AUTOMOTIVE GROUP, and HENDRICK HONDA | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion To Compel Defendant To Move Forward Consistent With The Order Of Judge David C. Keesler..." (Document No. 52); *pro se* Plaintiff's "Motion To Compel Defendant Responses To Plaintiff Discovery Requests" (Document No. 53); and "Defendants' Motion To Extend The Discovery Deadline" (Document No. 54) filed January 5, 2011. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and in the interests of judicial economy and adherence to the case management plan, immediate review of these motions is appropriate. Having fully considered the motions and the record, the undersigned will <u>deny</u> Plaintiff's motions to compel without prejudice, and will <u>grant</u> Defendants' request for extension of the discovery deadline.

It is difficult to discern the relief sought by the *pro se* Plaintiff's first motion to compel. The motion largely seems to express Plaintiff's frustration with the discovery process in this case and concludes by requesting "this Court to take action against this Defendant and their attorneys." (Document No. 52). It is unclear exactly what action Plaintiff proposes that the Court take, or what Plaintiff seeks to compel. As such, the undersigned will deny the motion without prejudice.

To the extent the first motion to compel accuses Defendants' counsel of "trying to bully"

Plaintiff into signing a proposed Joint Confidentiality Agreement And Order, it is illogical. First, Plaintiff cannot be forced to sign a "Joint" agreement. Second, the Confidentiality Agreement proposed by Defendants was drafted at the Court's instruction in response to *Plaintiff's* concerns regarding the allegedly "confidential" information he has been asked to divulge in the discovery process. Finally, none of the pending motions reveal any objection Plaintiff has to the proposed Confidentiality Agreement, which specifically provides that "[p]ortions of depositions may be designated confidential." (Document Nos. 52-1, 53-1, 54-5). If Plaintiff wishes to enter into a Joint Confidentiality Agreement prior to the continuation of his deposition, he must work with Defendants' counsel to create an agreement that is acceptable to all parties. The parties are not *required* to enter into such an agreement.

Plaintiff's second motion to compel appears to seek Defendants' responses to certain discovery requests. (Document No. 53). It is unclear, however, what documents or responses Plaintiff seeks. As such, the Court is unable to compel Defendants to provide unidentified information, and this motion must also be denied without prejudice. Nevertheless, the undersigned notes that if Defendants have thus far failed to produce properly requested information, they shall comply and provide appropriate responses immediately. Pursuant to Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed.R.Civ.P. 26(b)(1).

Defendants' pending motion to extend the discovery deadline in this matter was anticipated by the Court and appears reasonable. Defendants contend that additional time is needed for both parties to conduct depositions. The undersigned agrees, and the motion will be granted.

In an effort to move this case along, the Court offers these observations. An underlying issue in all of the pending motions seems to be the timing of the remaining depositions and the parties'

difficulty in reaching agreement on that scheduling. It is clear from the attachments before the Court that Defendants seek to continue the deposition of Plaintiff that was begun in December, on January 13, 2011, at the law offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. (Document No. 54-6). The undersigned is unaware of any reason that deposition should not go forward as proposed, and finds it appropriate that the parties conclude Plaintiff's own deposition before beginning the depositions Plaintiff proposes to take of Defendants' witnesses.

The pending motions and their attachments also indicate that Plaintiff has proposed depositions on January 10, 11 and 13, 2011, although it is unclear where or exactly when Plaintiff seeks to conduct those depositions. Defendants have made a counter-proposal that it will make witnesses Tommie Fulp, Chuck Colson and Nate Pearson available on January 18 and 19, 2011, at the law offices of James, McElroy & Diehl. (Document Nos. 54, 54-6).

Under the circumstances, Defendants' proposal appears reasonable and efficient. If Plaintiff seeks additional depositions, or different dates or venues, it should work with Defendants' counsel to make arrangements, if possible, or in the alternative issue proper Notices according to the Rules. Barring unforeseen objections, the Court respectfully suggests that the deposition of Plaintiff Raymond Johnson resume on January 13, 2011, and that the depositions of Defendants' witnesses take place on or about January 18 and 19, 2011.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel Defendant To Move Forward Consistent With The Order Of Judge David C. Keesler..." (Document No. 52) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion To Compel Defendant Responses To Plaintiff Discovery Requests" (Document No. 53) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that "Defendants' Motion To Extend The Discovery

Deadline" (Document No. 54) is **GRANTED**. The parties shall have up to and including **January 24, 2011** to complete discovery.

    **SO ORDERED.**

    Signed: January 6, 2011

David C. Keesler
United States Magistrate Judge