IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-109-FDW-DCK

| | | |
|---|---|---|
| RAYMOND JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HENDRICK AUTOMOTIVE GROUP, | ) | |
| and HENDRICK HONDA | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "...Motion For Judge Keesler to Wave's Fee's To Be Paid To Depositions For Defendant's..." (Document No. 69) filed January 18, 2011 and "...Motion To Put Deposition On Hold Until Defendants Product Discovery..." (Document No. 74) filed January 19, 2011. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and in the interests of judicial economy and efficient case management, immediate review of these motions is appropriate. Having fully considered the motions and the record, as well as the arguments of the parties during a telephone conference requested by Plaintiff, the undersigned will <u>deny</u> Plaintiff's motions as moot.

Pursuant to Plaintiff's "...Motion For A ...Telephone Conference..." (Document No. 71), the undersigned held a telephone conference from 5:00 - 6:00 p.m. yesterday, with Plaintiff and Defendants' counsel, Matthew Keen and Shera Stewart. During that conference, Defendants' counsel stated that they and their clients were prepared for and planning to attend a total of four depositions noticed by Plaintiff, on January 20-21, 2011 in Gastonia, North Carolina. In fact, Mr. Keen stated at the time of the call that he had already traveled from his office in Raleigh to Charlotte in preparation for the depositions. Mr. Keen further informed the undersigned that he believed his

clients had provided all relevant information to Plaintiff and had fully complied with their discovery obligations.

Plaintiff informed the undersigned, and apparently opposing counsel for the first time, that he had already cancelled arrangements for the depositions to be held on January 20-21, 2011, and that he was not ready to proceed with those depositions. Plaintiff asserted that Defendants had failed and/or refused to provide him with discovery information and that he was, therefore, unable to adequately prepare for depositions. Plaintiff was unable to identify with clarity during the conference what discovery he alleges should have been provided to him.

It also came to light during the conference, and specifically relating to Plaintiff's motion to waive fees (Document No. 69), that Plaintiff believed the four proposed deponents were requiring him to reimburse them for mileage and lost wages. Mr. Keen stated that although the possibility of fees had been raised at one time, the deponents had not and would not seek payment of any fees or travel expenses for the January 20-21, 2011 depositions. Plaintiff acknowledged that on or about January 18, 2011, Mr. Keen told him that no fees would be requested.

Recognizing that depositions had been agreed upon and scheduled for the following two days; that Defendants appeared prepared to proceed; that the issue of fees or expenses seemed to be resolved; and after reminding the parties that the discovery deadline in this case is January 24, 2011; the undersigned respectfully encouraged Plaintiff to consider going forward with the depositions. In response, Plaintiff was unequivocal that he was not prepared and that the depositions scheduled for January 20-21, 2011 were cancelled.

Based on the foregoing, the undersigned finds that the motions to waive fees related to the depositions, and to put the depositions on hold, are moot.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "...Motion For Judge Keesler to Wave's

Fee's To Be Paid To Depositions For Defendant's..." (Document No. 69) **is DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's "...Motion To Put Deposition On Hold Until Defendants Product Discovery..." (Document No. 74) is **DENIED AS MOOT**.

**SO ORDERED.**

Signed: January 20, 2011

David C. Keesler
United States Magistrate Judge