**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-109-FDW-DCK**

| | |
|---|---|
| RAYMOND JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HENDRICK AUTOMOTIVE GROUP, ) | |
| and HENDRICK HONDA ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "...Motion For Sanctions Defendants, and Atty Keen Fail To Meet For deposition For Carol Riley..." (Document No. 73); "Defendants' Motion In Opposition To Plaintiff's Motion For Sanctions" (Document No. 77); and Plaintiff's reply "...Motion In Repond Opposition Defendant's Motion in Opposition To Plaintiffs Motion For Sanctions..." (Document No. 86). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having fully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> Plaintiff's motion.

*Pro se* Plaintiff Raymond Johnson ("Plaintiff") filed the pending motion for sanctions on January 19, 2011, and apparently seeks to have the Court levy sanctions against Defendants and their counsel, C. Matthew Keen, for failure to appear at the deposition of Carol Riley on January 11, 2011. (Document No. 73). Plaintiff cites no authority in support of his motion; however, the Court will construe that the motion is being brought pursuant to Fed.R.Civ.P. 37(d). Rule 37(d) provides that

> The court where the action is pending may, on motion, order

>    sanctions if:
>
>> (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) fails, after being served with proper notice, to appear for that person's deposition . . . .

Fed.R.Civ.P. 37(d)(1)(A).

Included with the motion are a "Notice of Deposition To Carol Riley" and "Certificate of Service" which appear to represent the notice Plaintiff sent to Mr. Keen regarding Plaintiff's intention to depose Carol Riley on January 11, 2011, in Gastonia, North Carolina. (Document No. 73, p.3-6). The motion does not include any allegation or evidence that a notice of deposition or a subpoena to appear were served on Carol Riley herself, or her "officer, director, or managing agent."

In response, Defendants contend that Plaintiff "failed to follow the applicable procedural requirements to procure the attendance of Carole Riley ("Riley"), a nonparty, at a deposition." (Document No. 77). Defendants further assert that Riley

> is not an employee of Hendrick Honda or of [Hendrick Automotive Group], and Riley is not represented by Defendants. As such, Defendants were under no obligation to procure her presence at a deposition.

Id. Defendants also state that to their knowledge, Plaintiff did not serve a notice of deposition on Riley, and that since she is not a party in this case, Plaintiff would be required to secure her attendance by service of a subpoena under Fed.R.Civ.P. 45. (Document No. 78). Defendants' position is simple and persuasive.

Nevertheless, Plaintiff's reply brief asserts that Defendants have failed to follow procedural requirements to procure Riley's attendance at a deposition, and seems to insist that she is a party and that she is or was an employee of Hendrick Honda or Hendrick Automotive Group, and that she is represented by Defendants. (Document No. 86, p.1). Plaintiff still fails to cite any legal authority

or evidence that supports his claims. In fact, the attachments to Plaintiff's reply support Defendants' position. Plaintiff includes two letters from Riley, both of which indicate that she is a Claims Specialist with Chubb Services Corporation in Atlanta, Georgia. (Document No. 86, pp.7,9). Also attached to Plaintiff's reply are letters from Hendrick Honda and Matthew Keen identifying Carol Riley as an employee with Chubb Services. (Document No. 86, pp.11, 15). Plaintiff offers no support for his contention that Riley is a party, that she is employed or represented by Defendants, or that she received proper notice of a deposition.

Even construing this *pro se* Plaintiff's motion for sanctions in the most favorable light, it appears to be without merit. Plaintiff offers no argument, authority, or evidence that supports his motion or that refutes Defendants' opposition.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "...Motion For Sanctions Defendants, and Atty Keen Fail To Meet For deposition For Carol Riley..." (Document No. 73) is **DENIED**.

Signed: February 1, 2011

David C. Keesler
United States Magistrate Judge