# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:10-CV-109-FDW-DCK

| | |
|---|---|
| RAYMOND JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HENDRICK AUTOMOTIVE GROUP, ) | |
| and HENDRICK HONDA ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "...Motion For Sanctions ..." (Document No. 84); "Defendants' Response In Opposition To Plaintiff's Motion For Sanctions" (Document No. 91); and Plaintiff's reply "... Memorandum in Support Of Motion To Compel and For Monetary Sanction To The Max..." (Document No. 93). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having fully considered the motion, the record, and applicable authority, the undersigned will deny Plaintiff's motion.

*Pro se* Plaintiff Raymond Johnson ("Plaintiff") filed the pending motion for sanctions on January 26, 2011, his second motion for sanctions filed within a week, and apparently seeks to have the Court levy sanctions against Defendants and their counsel, C. Matthew Keen ("Mr. Keen"). (Document No. 84; see also Document No. 73). The current motion alleges various misconduct by Mr. Keen, during the discovery proceedings in this lawsuit. Most of the allegations included in the instant motion have been previously raised by Plaintiff and have been addressed by telephone conferences conducted by the undersigned and/or orders of the Court.

As with the prior motion for sanctions, Plaintiff cites no authority in support of his motion.

The Court will construe that the motion is being brought pursuant to Fed.R.Civ.P. 37(b)(2). Rule 37(b)(2) provides the Court authority to issue sanctions against another party or party officer failing to "provide or permit discovery."

In response, Defendants contend that the motion for sanctions is frivolous and should be denied. (Document No. 91). The undersigned finds that Defendants' opposition brief provides rational responses and/or explanations refuting each of Plaintiff's allegations. Plaintiff has filed a reply brief (Document No. 93), apparently in support of his motion for sanctions; however, Plaintiff's reply brief raises new issues not addressed in either the motion itself (Document No. 84), or the Defendants' response (Document No. 91). According to the Local Rules, "a reply brief should be limited to a discussion of matters newly raised in the response." Local Rule. 7.1(E).

Even construing the *pro se* Plaintiff's motion for sanctions in the most favorable light, it appears to be without merit. Plaintiff offers no persuasive argument, authority, or evidence that supports his motion, or that refutes Defendants' opposition.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "...Motion For Sanctions..." (Document No. 84) is **DENIED**.

Signed: February 15, 2011

David C. Keesler
United States Magistrate Judge