# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:10-cv-00109-W

| | | |
|---|---|---|
| RAYMOND JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| HENDRICK AUTOMOTIVE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for a Transcript at Government Expense (Doc. No. 107) and Motion for a Teleconference (Doc. No. 108). Defendant has not responded to either motion, and the time for doing so has expired. Also before the Court is defense counsel's Motion to Withdraw. (Doc. No. 111).

Plaintiff requests a copy of the transcript from the hearing held before the Honorable Frank D. Whitney on April 14, 2011. At the hearing, the Court heard oral argument from both parties on two pending motions: Defendant's Motion for Summary Judgment and Defendant's Motion to Dismiss and for Monetary Sanctions. Following the hearing, the Court took the motions under advisement and subsequently, on May 3, 2011, issued a lengthy written order granting Defendant's motion for summary judgment as to all of Plaintiff's claims and granting in part and denying in part that portion of the motion concerning Defendant's counterclaims. (Doc. No. 99). The Court also denied Defendant's motion to dismiss and motion for sanctions. The order detailed the evidence, case law, and analysis relied on by the Court. Id. Defendant later voluntarily dismissed the remaining counterclaims (Doc. No. 102), and judgment was entered accordingly. (Doc. No. 103). Plaintiff then filed a motion for reconsideration of the order, filing for the first time, documents that

authenticated some of the evidence he purported to present at the summary judgment stage. (Doc. No. 104). The Court has construed that motion as a Motion for Relief from Judgment and has allowed additional briefing by the parties. (Doc. No. 105).

Plaintiff now requests the Court for a copy of the transcript of oral argument because it will "allegedly show that there was [sic] many error in [D]efendant[']s statements and the documents that are on the recorder [sic] will show that motion for relief from judgement should be granted . . . ." (Doc. No. 107, p. 2). Plaintiff also contends that he has no means to pay for the transcript. Plaintiff, however, fails to provide any sufficient reason under 28 U.S.C. § 753 or other law as to why the transcript should be provided at no expense to him, particularly for purposes of the motion for relief from judgment. The arguments made to the Court were just that – arguments. The record evidence and the Court's consideration of that evidence are all available to Plaintiff by way of the docket, as well as copies that were served on Plaintiff by defense counsel and the Court. Therefore, Plaintiff's motion for a transcript is denied.

Next, the Court turns its attention to the motion for a telephone conference. In that motion, Plaintiff requests a telephone conference so that he may receive an advisory opinion regarding how to handle the receipt of a document from the EEOC. This, the Court cannot do. This motion is also denied.

Finally, Shere K. Stewart, one of the counsel for Defendant has filed a motion to withdraw. For the reasons stated in that motion and because such withdrawal will still leave Defendant represented by counsel, the motion is granted.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Transcript (Doc. No. 107) and

Motion for a Teleconference (Doc. No. 108) are DENIED. Defense counsel's Motion to Withdraw

(Doc. No. 111) is GRANTED.

IT IS SO ORDERED.

Signed: August 15, 2011

Graham C. Mullen
United States District Judge