UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-109-W

| | |
|---|---|
| RAYMOND A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HENDRICK AUTOMOTIVE GROUP, ) | ORDER |
| and HENDRICK HONDA ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration of Summary Judgment (Doc. 104), Plaintiff's Amended Motion for Reconsideration of Summary Judgment (Doc. No. 106), and Plaintiff's Motion for Reconsideration of Costs Taxed (Doc. No. 122). Defendants submitted responses (Docs. Nos. 114, 123) articulating grounds for denying Plaintiff's motions. After reviewing all pertinent documents and considering applicable case law, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motions for Reconsideration of Summary Judgment (Doc. No. 104, 106), and AMENDS but does not vacate the Court's order (Doc. No. 99) granting summary judgment for Defendant as stated herein. The Court also DENIES Plaintiff's Motion for Reconsideration of Costs Taxed (Docs. Nos. 122) for the reasons stated herein.

**I. BACKGROUND**

Plaintiff does not lodge any specific objections to the procedural and factual background contained in the Court's order dated May 3, 2011 (Doc. No. 99). Therefore, the portion of the order entitled "Background" is hereby adopted and incorporated by reference as if fully set forth herein. Following entry of the order, Plaintiff filed a Motion for Reconsideration (Doc. No. 104), an

Amended Motion for Reconsideration (Doc. No. 106), and a Motion for Reconsideration of Costs Taxed (Doc. No. 122).

Plaintiff's Motion for Reconsideration is based on purported authentication of a previously inadmissible document. At the summary judgment hearing, Plaintiff sought to introduce into evidence a document that contained notes of Employment Security Commission ("ESC") Adjudicator Laura Gray ("Gray Notes"). Plaintiff alleges that the Gray Notes tended to prove that Hendrick Honda disputed Plaintiff's right to unemployment benefits, which Plaintiff contends, Defendants were contractually obligated not to do. On May 3, 2011, the Court issued an order granting Defendants' motion for summary judgment and ruling on several other pending motions. (Doc. No. 99). The Court excluded the Gray Notes from evidence as inadmissible because they were not authenticated. In so doing, the Court noted that "questionable nature" of the document, referenced it as Plaintiff's "lone piece of evidence," and recognized the "potential significance of the document." (Doc. No. 99, p. 7). The Court stopped short, however, of stating that authentication of the document would result in a different ruling on the pending motions, instead concluding that the record demonstrates "Plaintiff suffered no injury whatsoever, and especially not at the hands of Defendant." (Doc. No. 99, p.8).

The summary judgment order did not result in a final judgment because Defendants' counterclaims against Plaintiff remained. Defendants subsequently dismissed their counterclaims, and final judgment issued on May 17, 2011 (Doc. No. 103). Plaintiff filed the instant "Motion for Reconsideration" the same day the clerk's office issued the final judgment. Plaintiff attached a "Certification of Authenticity of Documents" signed by ESC Assistant Secretary Viline V. Cherlinczuk and dated May 13, 2011, to his Motion for Reconsideration. (Doc. No. 104-1, p.3). Such certification purports to authenticate Gray's Notes. Consequently, Plaintiff petitions the Court

to reconsider its grant of Defendants' motion for summary judgment on the basis of newly-admissible evidence.

## II. STANDARD OF REVIEW

"The Federal Rules of Civil Procedure do not provide for a postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." Katyle v. Penn. Natl. Gaming, Inc., 637 F.3d 462, 471 n. 4 (4th Cir. 2011). The Fourth Circuit has also stated, "'In this circuit, the standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under rule 59 or rule 60. . . .'" Henley v. FMC Corp., 20 Fed. Appx. 108, 114-15 (4th Cir. 2001) (quoting Boryan v. United States, 884 F.2d 767, 771 (4th Cir.1989) (internal citation omitted)).

Here, Plaintiff did not specify which Federal Rule of Civil Procedure he relied upon to bring his motion. The Court *sua sponte* construed Plaintiff's pro se filing as a "Motion for Relief from Judgment under Rule 60" of the Federal Rules of Civil Procedure. (Doc. No. 105). The Court notes, however, that upon further review, the motion for reconsideration was filed within the 28-day window allowed under Rule 59(e), and therefore, it appears that Rule 59, as opposed to Rule 60, applies. The Fourth Circuit recently stated, "We have squarely held . . . that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28][1] days after entry of the adverse judgment and seeks to correct that judgment." Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 412 (4th Cir. 2010) (citing Small v. Hunt, 98 F.3d 789, 797 (4th Cir.1996); see also Vaughan v. Murray, No. 95-6081, 1995 WL 649864, at *3 n. 3 (4th Cir. Nov.6, 1995)). Therefore, the Court will consider Plaintiff's motion in light of Rule 59(e), which the Court hereby deems more applicable, as opposed to Rule 60 as referenced in the notice issued

---

[1] In December 2009, after the filing of the motion before the court in Robinson, Rule 59(e) was amended to extend the relevant time period from ten days to twenty-eight days.

by the Court as to how it would construe Plaintiff's motion.

In order to obtain relief under rule 59(e), courts have recognized only three limited grounds for granting Rule 59(e) motions: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir.2002) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998)); see also Hutchinson v. Staton, 994 F.2d 1076,1081 (4th Cir.1993). There has been no intervening change in controlling law, and neither side argues such. The sole basis for the motion is the reconsideration of the evidence – Gray's Notes. Thus, the Court considers the issue at bar in light of the second and third grounds announced in Westinghouse, supra.

### III. ANALYSIS

**A. Reconsideration of Summary Judgment**

At the outset, the Court notes that the only issue before the Court is whether the Court erred in excluding the Gray Notes as evidence in ruling on Defendant's motion for summary judgment. All other portions of the Court's previous order are neither based on nor supported by the Gray Affidavit that Plaintiff now seeks to authenticate and offer as "new evidence."

The Court originally excluded Gray's Notes because Plaintiff had failed to authenticate the document pursuant to the Federal Rules of Evidence. "'Although the pleadings of pro se litigants are construed liberally, there is no lower standard when it comes to rules of evidence and procedure.'" In re Thomas, F. Supp 2d., 2008 WL 112042 *3 n.4 (W.D.Va. 2008) (quoting Powers v. Runyon, 974 F.Supp. 693, 696 (S.D.Ind.1997)). "While pro se litigants are afforded some latitude when it comes to technical procedural requirements, the Court expects them to follow the same rules of evidence and procedure as is required by those who are authorized to practice law." El Rey v.

Celebration Station, 2006 WL 2811497 *2 (W.D.N.C. 2006); see also Klabiner v. Rinaldi, 2001 WL 823529 *5 (M.D.N.C. 2001) ("Additionally, there is no establishment of the authenticity of any document put before the court by [the plaintiffs]. Although pro se plaintiffs are afforded liberal construction of their complaints, motions and other pleadings, the court cannot ignore the rules of evidence and procedure at this stage of the litigation."). Plaintiff now seeks to cure his deficiency and revisit the Court's award of summary judgment for Defendant.

Numerous problems exist to preclude the Court from granting Plaintiff the relief he seeks. Presuming without deciding that Plaintiff could satisfy the requirements for reconsideration under Rule 59(e)[2] and that Gray's Notes have been properly authenticated, the Court still cannot consider the contents of the document. "Rule 501 mandates that state law determines evidentiary privileges that apply to state claims litigated in federal court." Hartsell v. Duplex Products, Inc., 895 F.Supp.

---

[2] The Court notes that Plaintiff faces great difficulty in satisfying such requirement. First, the evidence is not new, nor is it newly discovered. It simply did not comply with the Rules of Evidence the first time Plaintiff sought to introduce it. The plain language of Rule 59(e) does not compel reconsideration where the evidence under consideration is not "new" evidence and could have been "discovered" with reasonable diligence. Plaintiff had access to all parties necessary to achieve authentication prior to the summary judgment hearing. Thus, with reasonable diligence, the document could have been authenticated at the summary judgment stage. A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Westinghouse Savannah River Co., 305 F.3d at 290 (quoting 11 Wright, et al., supra, § 2810.1, at 127–28). Second, in order to rely on newly discovered evidence as the basis for his Rule 59(e) motion, Plaintiff "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996) (quoting RGI, Inc. V. Unified Indus., Inc., 963 F.2d 658, 662 (4th Cir. 1992)). Plaintiff's asserted justification consists of his pro se status and lack of familiarity with the Federal Rules of Evidence. The Court is unaware of case law within this Circuit finding pro se status and lack of legal training alone to constitute "legitimate justification" sufficient to satisfy this requirement. Moreover, while district courts must liberally construe pro se complaints, courts cannot act as the pro se plaintiff's advocate. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff); see also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

100, 101 (W.D.N.C. 1995) (citing Doe v. Am. Nat'l Red Cross, 788 F.Supp. 884, 888 (D.S.C. 1992)). Under North Carolina law,

> "All letters, reports, communication, or any other matters, either oral or written, including any testimony at any hearing, from the employer or employee to each other or to the Commission or any of its agents, representatives, or employees, which letters, reports, or other communication shall have been written, sent, delivered, or made in connection with the requirements of the administration of this Chapter, shall be absolutely privileged communication in any civil or criminal proceedings."

N.C. Gen. Stat. § 96-4(t)(5)(2009).[3] Such privilege applies even when the statement itself forms the basis for the cause of action in a separate suit. See Griffin v. South Piedmont Community College, 3:10-cv-412, 2011 WL 3841562 *8 (W.D.N.C. Aug. 30, 2011) ("To the extent that plaintiff's defamation claim is based on a statement made to the ESC, the statement is absolutely privileged and cannot serve as the basis for plaintiff's defamation claim."); see also Howard v. Food Lion, Inc., 232 F. Supp. 2d 585, 598-99 (M.D.N.C. 2002) ("It is well established that such privileged statements made in a judicial or quasi-judicial context do not support a civil action for defamation or libel in North Carolina.") (citing Jarman v. Offutt, 239 N.C. 468, 472, 80 S.E.2d 248, 251 (1954); Gibson v. Mutual Life Ins. Co. of New York, 121 N.C.App. 284, 290–91, 465 S.E.2d 56, 60–61 (1996)); Hartsell, 895 F.Supp. at 102 (striking the plaintiff's use of ESC testimony to support state law claims for intentional infliction of emotional distress and for negligent retention). Accordingly, Gray's Notes are privileged and inadmissable at trial for purposes of defeating Defendant's summary judgment motion on Plaintiff's claim under state law for breach of contract.

Therefore, the Court grants Plaintiff's Motion for Reconsideration in part for purposes of explaining an alternative basis for ruling that Gray's Notes were inadmissible evidence. Plaintiff's

---

[3] This statute was amended by the North Carolina General Assembly after the summary judgment order here was entered. See North Carolina Laws S.L. 2011-401 (S.B. 532) (changing "Commission" to "Division" and codifying as N.C. Gen. Stat. § 96-4(x)(5)). These amendments, however, did not change the substance or application of the privilege as stated herein.

Motion is denied in part to the extent it requests this Court to change its ruling that granted Defendant's motion for summary judgment.

**B. Reconsideration of Costs Taxed**

Plaintiff has also moved the Court to "appeal the taxation cost awarded to Defendants . . . ." (Doc. No. 122, p.1). Federal Rule of Civil Procedure 54(d)(1) provides that "costs. . . shall be allowed as of course to the prevailing party unless the court otherwise directs." In fact, the Fourth Circuit has held that "the rule gives rise to a presumption in favor of an award of costs to the prevailing party." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994). Moreover, federal law 28 U.S.C. § 1920 and Local Rule L.R. 52.1(F) provide adequate authority to a judge or clerk of any Court of the United States to tax costs in certain instances.

Here, following motion by Defendants (Doc. No. 109), the Clerk of Court by Order awarded a total of $1,359.55 to Defendants as compensation for deposition transcript costs and costs of copying documents related to the case. (Doc. No. 121). Plaintiff's central assertion is that the award is unreasonable because Defendants acted in bad faith. Plaintiff proffers no legal principal to warrant reconsideration of the reasonable costs awarded in this case. Because Plaintiff offers no basis in law for challenging the Order awarding costs, and because the award is reasonable pursuant to federal law and local rules, Plaintiff's Motion for Reconsideration of Costs Taxed is denied.

### IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Reconsideration (Doc. No. 104) and Amended Motion for Reconsideration (Doc. No. 106) are GRANTED IN PART and DENIED IN PART as explained above. Moreover, Plaintiff's Motion for Reconsideration of Costs Taxed (Doc. No. 122) is DENIED.

IT IS SO ORDERED.

Signed: December 5, 2011

*Graham C. Mullen*
Graham C. Mullen
United States District Judge